IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-CV-81144-RLR

KAREN YEH HO,

       Plaintiff,

vs.

WILLIAM YEH, STEPHEN YEH,
LOUIS HENCY NG IRREVOCABLE TRUST,
& LUCIA CHIAO HUNG NG IRREVOCABLE
TRUST,

       Defendants.
_____/

**ORDER GRANTING IN PART AND DENYING
IN PART WILLIAM YEH'S MOTION TO DISMISS**

This matter came before the Court on Defendant William Yeh's Motion to Dismiss [DE 10]. Upon consideration of the Motion, the Response, and the applicable law, the Court concludes that the motion should be granted in part and this case should be stayed pursuant to the *Colorado River* abstention doctrine.

### I. BACKGROUND

This complaint is one of several lawsuits and appeals brought by Karen Yeh Ho ("Karen") against her brothers William Yeh ("William") and Stephen Yeh ("Stephen") concerning the assets in their mother's guardianship estate and their parents' respective trusts.[1] Karen, William, and Stephen are the children of Lucia Chiao Hung Ng ("Lucia"), deceased, and Louis Hency Ng ("Louis"), deceased.

---

[1] Consistent with Defendant's request, the Court takes judicial notice of the cases listed in footnote 1 of Defendant's Motion. *See* footnote 2.

**The Guardianship Case**

In June 2016, William filed a Petition to Determine Incapacity for his mother, Lucia, and a Petition for Appointment of Plenary Guardian in the 15th Judicial Circuit in and for Palm Beach County, Florida (the "Guardianship").[2] In November 2016, the court declared Lucia totally incapacitated and entered an order appointing William as plenary guardian of the property of Lucia. In addition, the court ordered Karen to turn over Lucia's property to William as guardian. Karen, however, refused and improperly liquidated hundreds of thousands of dollars' worth of stock which had been held by Lucia.

After failing to comply with an order granting William's motion for return of property to the guardianship estate, and after several hearings, Karen was held in civil contempt and committed to jail, to be released upon payment of a purge amount of $20,000.

In January 2018, Karen satisfied the purge amount of $20,000, which was paid to William as guardian, and Karen was released from jail. She did not, however, comply with any other directive in the guardianship court's order requiring the return of specified property.

On May 16, 2018, in an effort to accelerate closure of the guardianship, consolidate all amounts owed by Karen, and distribute the funds, William filed a Motion for Partial Final Judgment. At the hearing on the Motion, William's counsel explained that the final judgment against Karen would be assessed against her share of the Lucia Trust and Louis Trust, and distribution would commence. Karen did not oppose the relief requested.

On June 28, 2018, the guardianship court entered Partial Final Judgment against Karen directing Karen to deliver to William, as guardian of the property, more than $565,000 belonging to

---

[2] The Court takes judicial notice of the state court filings in the Guardianship and Trust cases. As these documents constitute public records that are central to the claims in this case, judicial notice is proper. *See Universal Express, Inc. v. SEC*, 177 F. App'x 52, 53 (11th Cir. 2006) (district court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment); *Maxcess, Inc. v. Lucent Technologies, Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.")

the Guardianship. The court reserved jurisdiction to enforce the judgment. The court also ordered that if the guardianship case closed before the judgment was collected, then William "as Personal Representative of the Estate of Lucia Ng and/or as Trustee of the Lucia Trust and of the Louis Trust (recognizing the above pending declaratory actions in the Trust cases) is hereby authorized to and shall enforce the Judgment in those capacities."

The court also found that William was entitled to attorneys' fees and costs from Karen. After an evidentiary hearing, the court awarded William $65,503.99, to be assessed against Karen's share of the Lucia Trust.

Karen was later convicted of felony exploitation of the elderly due to her conduct in unlawfully taking and liquidating hundreds of thousands of dollars of her mother's stock and other assets (which were the subject of the Partial Final Judgment).

**The Lucia Trust and Louis Trust Cases**

In February 2017, William, as successor Trustee of the Lucia Chiao Hung Ng Trust Agreement dated January 3, 1996 (the "Lucia Trust"), filed an action seeking (i) a declaration of rights that he is the proper Trustee of the Trust, (ii) a declaration that the Trust instrument naming him as Trustee is the proper instrument, as opposed to a purported amendment proffered by Karen naming her as a Trustee, (iii) asserting claims for conversion due to Karen's misuse and misappropriation of Trust assets, and forgery by Karen; and (iv) seeking damages.

In addition, William, as successor Trustee of the Louis Hency Ng Trust Agreement dated January 3, 1996 (the "Louis Trust") filed an identical action with respect to the Louis Trust, asserting the same claims and seeking the same relief as that sought in the Lucia Trust case.

After months of discovery and a hearing in which Karen was present, the court entered partial summary judgment in William's favor and against Karen on September 25, 2018. The court found that the Lucia Trust dated January 3, 1996 was the valid Trust, that William was the sole trustee, and

that the purported 2014 trust amendment and durable power of attorney presented by Karen were invalid and of no force and effect. The court also awarded attorney's fees and costs to William to be paid from Karen's share of the Lucia Trust.

The court entered an identical partial summary judgment, holding that the Louis Trust dated January 3, 1996 was the valid Trust, that William was the sole trustee, and that the purported 2014 trust amendment and durable power of attorney presented by Karen were invalid and of no force and effect. The court also awarded attorneys' fees and costs to William to be paid from Karen's share of the Louis Trust.

Karen appealed the two partial summary judgments and the partial final judgment to the Florida Fourth District Court of Appeal, which affirmed per curiam on July 3, 2019.

In a related litigation in Palm Beach County, William filed a complaint for unlawful detainer against Karen and her husband to recover possession of the real property that was the former residence of Lucia and Louis. On May 1, 2019, a county court judge entered a Judgment for Unlawful Detainer which ordered Karen and her husband to vacate the property and granted possession to William, as the successor Trustee of the Louis Trust.

Karen filed her federal complaint on August 13, 2019. She asserts claims for breach of trust and accounting. It also appears from her pro se complaint that she is attempting to relitigate the validity of the Trust instruments and purported amendments which were the subject of the state court's partial summary judgments.

William has moved to dismiss, asking the Court to abstain from exercising jurisdiction in this matter pursuant to the *Colorado River* doctrine. William also argues that to the extent Karen is attempting to relitigate the validity of the Trust instruments, the purported amendments, and who is the proper Trustee, Karen is collaterally estopped from doing so as these issues were fully and finally decided by the state court.

## II.     ANALYSIS: The *Colorado River* Abstention Doctrine

In *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976), the Supreme Court held that federal district courts may abstain from exercising jurisdiction to avoid duplicative litigations with state courts in exceptional circumstances. *Colorado River* abstention applies when a parallel lawsuit is proceeding in state court and the interests of wise judicial administration demand abstention. *Id*. at 818-20.

The threshold question in the *Colorado River* analysis is whether the federal and state proceedings are parallel. Proceedings are parallel when they "involve substantially the same parties and substantially the same issues." *Ambrosia Coal and Const. Co. v. Pagés Morales,* 368 F.3d 1320, 1330 (11th Cir. 2004). Here, the federal and state cases involve the identical parties, and are based on identical facts. The central issue in both the federal and state cases is the disposition of assets from the Guardianship, the Lucia Trust and the Louis Trust. Given the extensive overlap, the Court finds that the federal and state cases are parallel.

The fact that Karen has not asserted claims of breach of trust and accounting in the state court does not change the analysis. Lawsuits may be substantially similar under *Colorado River* even if the parties and claims do not match exactly. *See Ambrosia*, 368 F.3d at 1329-1330 (noting that the parallel proceedings need not involve identical parties, issues, or relief requests); *Baker v. Warner/Chappell Music, Inc*., 2018 U.S. Dist. LEXIS 53479 at *11-12 (S.D. Fla. Mar. 29, 2018) (holding lawsuits were substantially similar under *Colorado River* even though one concerned copyright claims and one concerned contract claims where the core issue in each was ownership of musical works).

Having established that the federal and state proceedings are parallel, the Court must weigh the following factors to determine whether abstention is proper: "(1) whether one of the courts has assumed jurisdiction over property, (2) the inconvenience of the federal forum, (3) the potential for

5

piecemeal litigation, (4) the order in which the fora obtained jurisdiction, (5) whether state or federal law will be applied, and (6) the adequacy of the state court to protect the parties' rights." *Ambrosia,* 368 F.3d at 1331. In addition, the Supreme Court has instructed district courts to consider as well the "vexatious or reactive nature of either the federal or the state litigation" in deciding whether *Colorado River* abstention is proper. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 17 n.20 (1983).

### A. Jurisdiction Over Property

The Eleventh Circuit explained that this factor examines "not [ ] the location of the res, but the jurisdiction of the court." *Ambrosia,* 368 F.3d at 1332. The Florida Trust Code specifically provides for in rem jurisdiction. *See* §736.0202(1), Fla. Stat. ("In Rem Jurisdiction - Any beneficiary of a trust having its principal place of administration in this state is subject to the courts of this state to the extent of the beneficiary's interest in the trust.") The state courts have continuously exercised in rem jurisdiction over the Trust property. Further, the state court entered a Judgment for Unlawful Detainer which entitled William, as the successor Trustee of the Louis Trust, to recover possession of certain real property from Karen. *See Colorado River,* 424 U.S. at 819 (validating "the rule requiring that jurisdiction be yielded to the court first acquiring control of property, for the concern in such instances is with avoiding . . . additional litigation through permitting inconsistent dispositions of property."). This factor favors abstention.

### B. Inconvenience of the Federal Forum

While the federal court is not inconvenient, duplicate litigation concerning disbursement of Trusts assets would waste resources of the Court and the parties.

### C. Applicable Law

State law provides the substantive law governing Karen's complaint. The Trusts are governed by Florida law and Florida is the principal place of administration. The state courts have already

6

applied Florida law to issue substantive rulings concerning the Trusts. For example, a state court already held that William is the sole trustee of the Lucia Trust and Louis Trust, and that the purported 2014 amendments to the Trust proffered by Karen are invalid. Further, the state court held that William, as trustee, is the legal owner of certain real property that was the former residence of Lucia and Louis. In addition, the state courts have awarded attorney's fees to William from Karen's share of the Trusts. The allegations in Karen's complaint have been partially decided by application of state law by state courts who retain jurisdiction over these issues.

### D. Order in Which the Fora Obtained Jurisdiction

This factor focuses not just on which forum obtained jurisdiction first, but on "how much progress has been made in the two actions." *Ambrosia,* 368 F.3d at 1333. The state courts acquired jurisdiction first and have continuously exercised jurisdiction in the Guardianship since late 2016, and in the Trust cases since early 2017. During the past two and half years, the state court actions have advanced through discovery, hearings, substantive motions, and entry of two partial summary judgments in the Trust cases and a partial final judgment in the Guardianship case. In contrast, the federal case is still in the earliest stages. The pleadings are not closed and no deadlines have been set pursuant to a scheduling order. Given the significant procedural history and substantial progress in the state court action, this factor weighs heavily in favor of abstention.

### E. Potential for Piecemeal Litigation

"Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *Hendricks v. Mortgage Elec. Registration Sys.,* 2013 U.S. Dist. LEXIS 44620, at *10 (M.D. Fla. Mar 28, 2013). Karen's claims in this action are deeply intertwined with those pending in the state court proceedings. For example, Karen asserts rights to Trust assets which have already been, and continue to be, the subject of ongoing state court litigation. These include the real property located at 6826 Fiji Circle, Boynton Beach, FL 33437,

which Karen raises in paragraph 29 of the complaint, and which was the subject of the state court Judgement for Unlawful Detainer and Partial Final Judgment, as well as other assets formerly held by Lucia that are also covered by the Partial Final Judgment. The state court expressly reserved jurisdiction to enforce the Partial Final Judgment and stated that if the Guardianship case is closed before the judgment amount is collected, then William "as Personal Representative of the Estate of Lucia Ng and/or as Trustee of the Lucia Trust and of the Louis Trust . . . is hereby authorized to and shall enforce the Judgment in those capacities." Similarly, Karen's federal complaint alleges that William improperly paid his attorneys with monies from the Trusts. Yet the state courts specifically ordered that certain payments of attorney's fees be made from Karen's share of the Trusts.

Separate prosecution of Karen's breach of trust and accounting claims in federal court will create "excessive and deleterious" piecemeal litigation. *Ambrosia,* 368 F.3d at 1333. Rather than dual proceedings, one court should decide how the Trust assets will be distributed in order to avoid inconsistent rulings, confusion, and a waste of judicial resources. Because the state courts are already supervising administration of the Guardianship, Lucia Trust and Louis Trust, abstention is appropriate based on principles of "wise judicial administration" and "conservation of judicial resources." *Colorado River*, 424 U.S. at 817. *See Atl. Games of Delray, LLC v. Atl. Games, LLC*, 2015 U.S. Dist. LEXIS 182426, at *12 (S.D. Fla. June 17, 2015 (recommending abstention given the "very real danger" of piecemeal litigation and potential for conflicting rulings), *adopted by, Atl. Games of Delray, LLC v. Atl. Games, LLC*, 2015 U.S. Dist. LEXIS 182425 (S.D. Fla. July 8, 2015).

### F.  Adequacy of the State Court to Protect the Parties' Rights

The state courts have become thoroughly familiar with the facts and claims of the parties in the Guardianship and Trust cases, having spent more than two years on these matters. The state courts are also well versed in the Florida Trust Code and regularly supervise trust administration. There is no reason to believe that the state courts cannot adequately protect the parties' rights.

### G. Whether Litigation is Vexatious and Reactive

This final factor weighs significantly in favor of abstention. The timing of Karen's federal complaint -- filed just six weeks after the Fourth District Court of Appeal affirmed the partial final judgment and two partial summary judgments -- strongly suggests that Karen is forum shopping in an attempt to avoid the state court judges who ruled against her. The Court finds her filing in federal court to be reactive. It is also vexatious as she could have asserted her claims in the pending Trust cases, before a state court who is already well-versed in the facts, rather than duplicating the litigation here. In addition, it appears that she is using the federal complaint as a means to relitigate issues that were fully and finally decided by the state courts, including the validity of the Trusts and the purported amendments, and who is the proper trustee. Karen's invocation of federal court jurisdiction is an improper end-run around the state courts that have been exercising jurisdiction over the Guardianship and Trust assets for the last two and a half years. *See, e.g.*, *Hendricks,* 2013 U.S. Dist. LEXIS 44620, at *15 (abstaining from jurisdiction where "[i]t seems evident Plaintiffs seek to use the instant litigation to thwart the state foreclosure proceeding."); *Bosdorf v. Beach*, 79 F.Supp.2d 1337,1346 (S.D. Fla. 1999) (abstaining under principles of *Colorado River* where "it is difficult to conceive of the instant case as anything other than forum shopping and 'reactive litigation.'").

### III. CONCLUSION

After balancing the *Colorado River* factors, the Court finds that abstention is appropriate. The state court has been exercising jurisdiction over the Lucia Trust, the Louis Trust, and the Guardianship for more than two years; it has entered partial judgments already, and continues to supervise administration of the Guardianship and Trusts. If both the state and federal actions are allowed to proceed, they would be highly duplicative of one another, creating a serious risk of inconsistent judgments. Finally, Karen's forum shopping tilts the balance decisively in favor of abstention.

Accordingly, the Court abstains from exercising jurisdiction in this matter. It is hereby ORDERED AND ADJUDGED that Defendant William Yeh's Motion to Dismiss [DE 10] is GRANTED IN PART[3] AND DENIED IN PART insofar as this case is STAYED pending the resolution of Karen's pending state court litigation.[4]  Finally, the Court also grants Defendant's Motion to Dissolve Lis Pendens [DE 8] by default pursuant to Local Rule 7.1(c), and Plaintiff's Notice of Lis Pendens [DE 7] is hereby DISSOLVED and STRICKEN.  The Clerk of the Court shall CLOSE THIS CASE.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 30th day of September, 2019.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

---

[3] In the alternative, the Court grants Defendant's Motion by default pursuant to Local Rule 7.1(c) as Plaintiff's Response to Defendant's Motion was non-responsive insofar as it did not respond to any of the points raised in Defendant's Motion.

[4] Pursuant to *Moorer v. Demopolis Waterworks & Sewer Bd.*, 374 F.3d 994 (11th Cir. 2004), a case should be stayed—not dismissed—when exercising a *Colorado River* abstention. Either party may move for the stay to be lifted at such time as a final resolution is reached in the pending state court litigation.